■ In the Matter of the Guardianship of the D. CHILDREN. ELAINE G., Appellant; SONYA G. (Deceased) et al., Respondents. —Order, Family Court, Bronx County (Judith Sheindlin, J.), entered on or about February 23, 1990, which denied petitioner's application for custody of her two minor grandchildren, and her oral request for visitation made at the close of the hearing, is unanimously modified on the law and the facts and as an exercise of discretion, to remand the matter for a hearing for the sole purpose of fixing the terms of petitioner's right to visitation, without costs.

In 1983, Sonya G. voluntarily placed her two-year old son Shamar in foster care with Mrs. Linda H. When Shamal, another son, was born to Sonya in 1986, she voluntarily placed him in foster care with Mrs. H. as well. It is undisputed that both children have spent most of their lives in Mrs. H.'s foster home, except for a period when Sonya was given temporary custody. In November 1989, Sonya, a drug addict, died during emergency surgery for a bleeding ulcer.

Pursuant to a petition brought by the New York Foundling Hospital, the authorized agency providing foster care, the natural father's parental rights were terminated following a hearing held on February 1, 1990. The New York Foundling Hospital also petitioned for guardianship and custody of the children for the purpose of adoption by their current foster mother. Petitioner-grandmother has intervened, also petitioning for custody of the children.

Petitioner-grandmother argues that the fact-finding hearing to determine custody of the children was too circumscribed in that the issue was restricted to whether there were extraordinary circumstances justifying the removal of the children from the stable home of their foster mother. Petitioner also challenges Family Court's rulings, which precluded her from, *inter alia,* introducing a character witness and obtaining a probation report, and its findings regarding the best interests of the children as being against the weight of the evidence.

We find that the testimony of petitioner, her daughter and the caseworker provided adequate support for the Family Court's findings that the best interests of the children would be served by awarding custody to the New York Foundling Hospital, so that the children may be adopted by their foster mother. The record indicates that the foster mother, Mrs. H., has devoted herself to the care of the children since their infancy, and that the children love her and want to be adopted by her. In fact, petitioner admits that it was her

deceased daughter's desire that the children remain with Mrs. H. While petitioner presented evidence at the hearing demonstrating that she would be a fine mother and caretaker—a fact to which the parties stipulated—the record supports the court's conclusion that such evidence was insufficient to justify removal of the children from the only home they have known. Contrary to petitioner's suggestion, the fact that she is a blood relative of the children does not give her precedence for custody over the adoptive parents selected by the authorized agency (see, Matter of Netfa P., 115 AD2d 390).

However, it was an abuse of discretion for Family Court to refuse to entertain the grandmother's oral request, on summation, that she be granted visitation, where none of the parties opposed visitation and the foster mother in the past had welcomed petitioner's involvement (see, supra), and we remand for the Court to fix the terms of visitation in the event the parties cannot agree.

We have considered petitioner's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Asch and Smith, JJ.