■ In the Matter of CASSANDRA JJ. and Others, Children Alleged to be Permanently Neglected. RENSSELAER COUNTY

DEPARTMENT OF SOCIAL SERVICES, Respondent; BONNIE JJ., Appellant. [725 NYS2d 467] —Rose, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered May 26, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Cassandra JJ. (born in 1993), Jessica JJ. (born in 1985) and Amanda JJ. (born in 1982). In May 1997, after Family Court found that Amanda had been sexually abused and that Cassandra and Jessica had been neglected, the children were placed in the custody of petitioner, where they have continued to the present time. In January 1999, petitioner commenced this proceeding pursuant to Social Services Law § 384-b seeking to have the children adjudicated as permanently neglected and to terminate respondent's parental rights. At the conclusion of a fact-finding hearing, Family Court found that respondent had permanently neglected her children. Following a dispositional hearing, Family Court terminated respondent's parental rights and ordered that Cassandra and Jessica be made available for adoption, while Amanda was to be prepared for independent living. Respondent appeals.

The threshold inquiry in a permanent neglect proceeding is whether the petitioning agency has discharged its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship (see, Matter of Kaitlyn R., 279 AD2d 912, 913; Matter of Jesus JJ., 232 AD2d 752, 753, lv denied 89 NY2d 809). Here, the record reveals that although respondent attended required counseling sessions for one year, she failed to successfully complete the program due to her unwillingness to acknowledge that her paramour could have sexually abused her daughter and despite petitioner's recommendations of other types of counseling to assist her. Further, respondent's testimony reflected the same resistant attitude previously exhibited by her when Family Court held her in contempt for violating an order of protection forbidding further contact between her paramour and Amanda. Respondent also utilized an unsupervised day visitation to subject Amanda to interrogation by a private investigator retained by her paramour in connection with criminal charges then pending as a result of the sexual abuse.

The record demonstrates that petitioner provided services tailored to meet respondent's particular needs and afforded her a realistic opportunity to achieve reunification with her chil-

dren by providing her with counseling, suitable arrangements for visitation with the children, and other assistance in resolving the problems which caused the placement of her children with petitioner (*see*, Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W.*, 63 NY2d 136, 142; *Matter of Matthew YY.*, 274 AD2d 685, 686; *Matter of Cheyenne Q.*, 239 AD2d 620, 621). Despite petitioner's efforts, respondent failed to actively and adequately participate in the plans to reunite her with her children or to plan for their future (*compare*, *Matter of Lisa Z.*, 278 AD2d 674, 676-677). Mindful that Family Court's determinations are "entitled to great weight and deference and should not be disturbed unless clearly unsupported by the record" (*Matter of Chantel ZZ.*, 279 AD2d 669, 672), we find no abuse of discretion in Family Court's factual determinations.

Our next inquiry is whether Family Court's determination after the dispositional hearing was based upon the best interests of the children (*see*, *Matter of Amanda C.*, 281 AD2d 714, 717). Here, in addition to the evidence presented at the fact-finding hearing, petitioner offered the testimony of the supervisor of petitioner's Foster Care Unit at the dispositional hearing. This witness also submitted a written recommendation and stated that her opinions were based upon her discussions with the children's foster parent, Jessica's therapist, another therapist who worked with the children and respondent, the caseworkers, as well as letters from Amanda and Jessica. Despite respondent's argument to the contrary, we find that Family Court did not err in receiving this hearsay evidence at the dispositional hearing (*compare*, Family Ct Act § 1046 [c], *with* Family Ct Act § 1046 [b]; *see*, *Matter of David Michael J.*, 217 AD2d 1008, *lv denied* 87 NY2d 801). Family Court also received into evidence the reports of the children's foster parent and the Law Guardian, and conducted in camera interviews with Amanda and Jessica. Considering the totality of the circumstances presented to and considered by Family Court, including the ages of the children and respondent's inability to overcome the problems that precipitated their removal (*see*, *Matter of Amanda C.*, *supra*, at 717; *Matter of Rita XX.*, 279 AD2d 901, 903), we conclude that Family Court's determination to terminate respondent's parental rights was in the best interests of the children and should not be disturbed.

We also reject respondent's final contention that Family Court did not properly weigh the evidence. Family Court properly afforded little weight to respondent's self-serving statements at the hearing in light of her past attitudes and conduct (*see*, *id.*, at 903).

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.