■ In the Matter of KARINA U., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VICKIE V., Appellant. (And Two Other Related Proceedings.) [751 NYS2d 114] —Mugglin, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered December 19, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Karina U. a permanently neglected child, and terminated respondent's parental rights.

On this appeal, respondent initially contends that the evidence was insufficient to support a finding of permanent neglect. Accordingly, we must review the record to determine whether petitioner established by clear and convincing evidence that it exercised diligent efforts to strengthen the parent-child relationship and to reunite the family and, second, that respondent has not maintained sufficient contact with the child or planned for the child's future (see Social Services Law § 384-b [3] [g]; [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Sheila G., 61 NY2d 368, 384-386; Matter of Jamal B., 287 AD2d 898, 899, lv denied 97 NY2d 609; Matter of Princess C., 279 AD2d 825, 825).

This record is clear that, subsequent to removing the child from her mother's custody, petitioner's plan was reunification of the family and, to this end, petitioner offered respondent mental health counseling, parent aide, both supervised and unsupervised visitation arrangements, programs to assist her with substance abuse problems, and the Berkshire Reunification Program. While respondent made some commendable temporary progress toward recovery during the period of January 2000 to June 2000, she subsequently returned to her drug habit, refused to continue drug treatment services and failed to complete an inpatient program. Upon leaving the program, she made two telephone calls to petitioner's employees but refused to reveal her address or where she could be contacted, prompting petitioner to institute this permanent neglect proceeding. In our view, petitioner clearly established it had formulated an appropriate service plan, specifically designed to ameliorate respondent's substance abuse problem, which was the significant hurdle to her reunification with her daughter. Faced with

an uncooperative client, the failure of petitioner to continue a meaningless service plan does not detract from a finding of diligent efforts (*see Matter of Torrin G.*, 240 AD2d 820, 821; *Matter of Kelly G.*, 223 AD2d 878, 879, *lv denied* 88 NY2d 801).

Next, Family Court correctly determined that petitioner presented clear and convincing evidence of respondent's failure to plan for the future of the child. In this regard, the parent's failure to correct the conditions that led to the removal of the child is interpreted as the failure to plan for the child's future (*see Matter of Nathaniel T.*, 67 NY2d 838, 840; *Matter of Leon RR.*, 48 NY2d 117, 125; *Matter of Torrin G.*, *supra* at 821; *Matter of Kelly G.*, *supra* at 879). Here, it is abundantly clear that respondent failed to plan for her daughter's future by successfully dealing with her substance abuse problems despite the considerable efforts of petitioner. In sum, Family Court's determination that the child is permanently neglected was established by clear and convincing evidence.

We are equally unpersuaded that Family Court erred in its order of disposition. Our review of the record reveals that Family Court appropriately determined that the best interest of the child (*see* Family Ct Act § 631) required the termination of respondent's parental rights and that the child be freed for adoption. Clearly, the child was progressing well in her current foster home, the foster parents were willing to adopt her and it was the child's considered wish that she be freed for adoption. Moreover, we note that respondent did not testify at the dispositional hearing from which fact Family Court appropriately inferred that she had no plan for the child's future.

Respondent also asserts that her right to due process was denied by reason of the Family Court's failure to recuse itself. No recusal request was made to Family Court and, thus, the issue has not been preserved for appeal (*see Matter of Lane Constr. Corp. v Cahill*, 270 AD2d 609, *lv denied* 95 NY2d 765). In any event, we find no merit to this argument, which is based primarily on the dual role of the Judge, who presided as Family Court Judge over these proceedings and as County Judge in criminal proceedings involving respondent. This does not demonstrate any impropriety (*see People v Smith*, 272 AD2d 679, 681-682, *lv denied* 95 NY2d 938). " 'Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion * * * or where a clash in judicial roles is seen to exist' " (*id.* at 681, quoting *People v Alomar*, 93 NY2d 239, 246 [citation omitted]). This record is completely devoid of any such evidence.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.