■ In the Matter of BRANDON OO. and Another, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLAIRE PP., Appellant. [757 NYS2d 374] —Rose, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered January 4, 2002, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Brandon OO. and Amelia MM. permanently neglected children, and terminated respondent's parental rights.

Two of respondent's children, Amelia (born in 1993) and Brandon (born in 1999), came into petitioner's custody late in 1999 as a result of, respectively, a sexual abuse proceeding involving Amelia's father, a convicted sex offender, and a neglect petition filed by petitioner. In March 2000, Amelia was found to be an abused and neglected child, and her placement with petitioner was continued. In June 2000, Brandon was found to be neglected and his placement in a foster home, with Amelia, was also continued. Family Court's June 2000 dispositional order directed respondent to participate in mental health counseling, complete a substance abuse treatment program,

refrain from using illegal drugs and alcohol, and complete a protective parenting class. In March 2001, petitioner commenced this proceeding alleging permanent neglect. After a fact-finding hearing, Family Court found the children to be permanently neglected and, after a dispositional hearing, terminated respondent's parental rights. Respondent now appeals.

In contending that petitioner failed to make diligent efforts to encourage and strengthen the parental relationship between her and her children (see Social Services Law § 384-b [7] [a], [f]), respondent argues that petitioner failed to change the site of visitation after she came into conflict with the children's foster mother. Since it is, however, undisputed that petitioner arranged for, and provided respondent with transportation to, regular visitation with her children, we conclude that the evidence here supports Family Court's finding that petitioner made reasonable, meaningful efforts to encourage and strengthen the relationship between respondent and her children (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Keith JJ., 295 AD2d 644, 647-648 [2002]).

Although respondent also argues that Family Court should have given more weight to her efforts to plan for the children's future, any progress she may have made was clearly outweighed by the instability of her lifestyle due to her substance abuse. She continued to use marihuana while attending her treatment program, missed counseling sessions, refused long-term residential treatment, stopped taking prescribed medications, and remains dependent on alcohol and marihuana. Thus, respondent failed to plan for the future of her children by taking the steps necessary to provide an adequate and stable home within a reasonable period of time (see Matter of Star Leslie W., supra at 142-143), and by failing to correct the conditions that caused the children's removal (see e.g. Matter of Karina U., 299 AD2d 772, 773 [2002]).

We are likewise unpersuaded by respondent's contention that a suspended judgment would have been in the best interests of these children. They have special needs and now have been in the care and custody of their foster parents for about three years. Given the foster parents' desire to adopt both of them, and respondent's failure to prepare herself and a suitable home to meet the children's needs, Family Court properly determined that termination of respondent's parental rights was in the children's best interests (see Matter of Karina U., supra at 773; Matter of Rita XX., 279 AD2d 901, 903 [2001]).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, without costs.