■ In the Matter of TABITHA BB., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LINDA BB., Appellant. [757 NYS2d 377] —Rose, J. Appeal from an order of the Family Court of Cortland County (Sherman, J.), entered May 15, 2002, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Tabitha BB. a permanently neglected child, and terminated respondent's parental rights.

Respondent is the mother of a daughter, Tabitha. Immediately after her birth in January 2000, the child was placed in petitioner's custody and petitioner filed a child neglect petition against respondent. In that proceeding, Family Court found that respondent, during her pregnancy, had thrown a simulated baby against a wall and "killed" it, consumed alcohol to the point of becoming unconscious, failed to prepare a suitable home for the child and remained in a physically abusive relationship with her paramour. In October 2000, Family Court issued an order adjudging the child to be neglected and directing respondent to remain in petitioner's supervision, participate in therapeutic and anger management counseling, work with a parent aide to improve her parenting skills and take any medications prescribed by her psychiatrist. On May 1, 2001, petitioner filed a permanent neglect petition. After a fact-finding hearing, Family Court found the child to be permanently neglected and, after a dispositional hearing, terminated respondent's parental rights. Respondent now appeals.

We reject respondent's initial contention that petitioner failed to meet its statutory obligation to make diligent efforts to encourage and strengthen the parental relationship between her and her child (see Social Services Law § 384-b [7] [a], [f]). Petitioner offered respondent a variety of services to develop her relationship with the child, including a parenting aide, a psychological evaluation, weekly supervised visitation with the child, anger management counseling, instruction in parenting, and recommendations regarding counseling as a victim of domestic violence. As the evidence indicates that respondent's failure to fully participate in these programs was the result of her lack of motivation rather than any deficiency in petitioner's plan, the record supports Family Court's finding that petitioner made repeated and meaningful efforts to reunite respondent and her child (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Keith JJ., 295 AD2d 644, 646-648 [2002]; Matter of Shiann RR., 285 AD2d 762, 762-763 [2001]).

Petitioner also presented clear and convincing evidence of respondent's failure to plan for the child's future. Following the child's placement with petitioner, respondent continued to lack control of her anger, place her interests over those of the child, and live in an abusive relationship where she was a perpetrator as well as a victim of domestic violence. Although respondent participated in supervised visitation, she often behaved roughly and abruptly with the child, frightening her and failing to bond with her. Thus, respondent failed to plan for the future of her child by taking the steps necessary to provide an adequate and stable home within a reasonable period of time (*see Matter of Star Leslie W., supra* at 142-143), and by failing to correct the conditions that resulted in the child's removal (*see e.g. Matter of Karina U.*, 299 AD2d 772, 773 [2002]).

Lastly, we reject respondent's contention that a suspended judgment would have been in the best interests of the child. Since birth, the child has been continuously in the care and custody of her foster parents, who have a good relationship with the child and seek to adopt her. Given respondent's failure to prepare herself to meet the child's needs, Family Court properly determined that termination of respondent's parental rights was in the best interests of the child (*see id.* at 773; *Matter of Rita XX.*, 279 AD2d 901, 903 [2001]).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.