■ In the Matter of Ariel PP., a Child Alleged to be Permanently Neglected. Otsego County Department of Social Services, Respondent; Theresa QQ., Appellant. [779 NYS2d 660]—

Crew III, J.P. Appeal from an order of the Family Court of Otsego County (DiStefano, J.), entered July 14, 2003, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the biological mother of Ariel PP. (born in 1996), who was placed in foster care in October 1997 following allegations of abuse and neglect. Specifically, the child presented at a local hospital with several bruises and burns in various stages of healing, including burns on her stomach and vagina apparently caused by the head of a cigarette that accidentally fell on the child and rolled into her diaper. Ariel has remained in foster care ever since, with the exception of a three-month period in which she lived with her maternal grandmother.

In the interim, petitioner commenced a neglect proceeding against respondent, and Family Court adjudicated Ariel to be a neglected child. Petitioner thereafter provided services to respondent to facilitate her reunification with Ariel and, when such efforts proved unsuccessful, commenced the instant proceeding seeking to terminate respondent's parental rights and free Ariel for adoption. Following a lengthy fact-finding hearing, Family Court adjudicated Ariel to be a permanently neglected child. A dispositional hearing ensued, at the conclusion of which Family Court determined that it was in Ariel's best interest to terminate respondent's parental rights and free Ariel for adoption. This appeal by respondent ensued.

"When seeking to terminate the parental rights of a parent whose child has been in foster care for more than one year, petitioner must establish by clear and convincing evidence, first, that it made diligent efforts to strengthen the parental relationship and, next, that the parent either (a) failed to maintain

meaningful contact with the child or (b) failed to realistically plan for the future of the child" although physically and financially able to do so (*Matter of Raena TT.*, 7 AD3d 936, 937 [2004] [citations omitted]; *see Matter of Princess C.*, 279 AD2d 825, 825-826 [2001]). Respondent, as so limited by her brief, contends only that petitioner did not discharge its statutory duty to exercise diligent efforts to strengthen the parent-child relationship prior to seeking to terminate respondent's parental rights. We do not agree and, accordingly, affirm Family Court's order.

The record as a whole reveals that petitioner provided respondent with a host of services designed to, inter alia, foster a positive and meaningful relationship between respondent and Ariel and overcome the obstacles preventing Ariel's safe return to respondent's care and custody (*see Matter of Douglas H.*, 1 AD3d 824, 824-825 [2003]). Such efforts included assisting respondent in locating and maintaining a clean and safe residence suitable for occupancy by a child, preparing healthy and nutritious snacks and meals, maintaining consistent employment, establishing a household budget and allocating whatever resources respondent possessed in a financially sound and responsible manner and providing various parenting services aimed at improving the interaction between respondent and Ariel and encouraging respondent to utilize appropriate disciplinary measures. In addition to the foregoing, respondent received multiple psychological evaluations and underwent counseling. Despite these efforts, however, petitioner continued to struggle in several significant respects, including improving her interaction with Ariel and the budgeting of household expenses. Overall, respondent made only marginal progress in removing the obstacles preventing Ariel's return to her and, in general, was either unable or unwilling to integrate and utilize the skills and suggestions offered by petitioner.

Given the range and extent of the services provided by petitioner, we cannot say that petitioner failed to discharge its statutory obligation to exercise diligent efforts to strengthen the underlying parental relationship. Although respondent now argues that of the variety of services admittedly provided by petitioner, greater emphasis should have been placed upon individual therapeutic counseling, we simply find no support in the record for respondent's assertion that her mental health issues were virtually ignored by petitioner. While respondent does not directly challenge the balance of Family Court's determination, we are of the view that petitioner established, by clear and convincing evidence, that respondent failed to realistically plan

for her child's future and, further, that termination of respondent's parental rights was in Ariel's best interest.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.