In the Matter of ALIJAH XX., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; APRIL XX., Appellant. [796 NYS2d 455]—

Lahtinen, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered July 7, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Alijah XX., who was born in February 2002 and was removed from respondent's custody in October 2002 based upon reports of physical abuse. An examination of the child by a physician revealed a fractured right humerus, apparent older fractures (more than one month) of both arms, two fractured ribs, evidence of prior injuries to both legs (possible fractures), and bruising on the child's head, right arm, side and inside both ears. Respondent gave an inculpatory statement to police and ultimately pleaded guilty to the crime of endangering the welfare of a child. The child was placed in petitioner's custody and adjudicated to be an abused child. In November 2003, petitioner filed the current petition seeking to terminate respondent's parental rights based upon allegations of permanent neglect (see Social Services Law § 384-b). A hearing was held in March and May 2004, and Family Court found the child to be permanently neglected. After the dispositional hearing, Family Court terminated respondent's parental rights. Respondent appeals.

Respondent argues that Family Court's finding of permanent neglect is not supported by the evidence. When presented with such an argument, "we must review the record to determine whether petitioner established by clear and convincing evidence that it exercised diligent efforts to strengthen the parent-child relationship and to reunite the family and, second, that respondent has not maintained sufficient contact with the child or planned for the child's future" (Matter of Karina U., 299 AD2d 772, 772 [2002], lv denied 100 NY2d 501 [2003]; see Matter of Ariel PP., 9 AD3d 628, 628-629 [2004], lv denied 3 NY3d 608 [2004]). Credibility determinations made by Family Court are generally afforded deference because of its opportunity to view the witnesses (see Matter of Janique Y., 256 AD2d 1053, 1054 [1998]; see also Matter of Cassandra JJ., 284 AD2d 619, 621 [2001]).

The record amply supports Family Court's finding that petitioner made diligent efforts to strengthen the parent-child relationship. Supervised visits were arranged, a parent educator was available to help with parenting skills and petitioner assisted in transportation for the visits. A caseworker notified respondent about classes, programs and services available to address some of respondent's recognized difficulties. These included counseling for parents who had been abused, parenting classes and mental health services. Petitioner initiated various evaluations to explore respondent's employment barriers and to address potential impediments to her parenting.

We further find sufficient evidence to uphold Family Court's

finding that respondent failed to plan for the child's future. The child was removed from respondent because of severe physical abuse and, while respondent initially took responsibility for the abuse, she later denied responsibility and cast the blame on her boyfriend. She nevertheless maintained a relationship with the boyfriend and attempted to have him meet with her and the child. Respondent made it difficult for caseworkers to keep in touch with her and she was not always truthful when dealing with caseworkers. While she attended some programs, she was not consistent in such regard. Caseworkers who observed her with the child reported repeated inappropriate and inadequate parenting skills with no meaningful progress. In short, the evidence established that respondent failed to address the shortcomings that led to the removal of the child (*see Matter of Tabitha BB.*, 304 AD2d 875, 876 [2003]) and she did not have a plan for the child's future (*see Matter of Star Leslie W.*, 63 NY2d 136, 143-144 [1984]; *Matter of Keith JJ.*, 295 AD2d 644, 648 [2002]).

Finally, review of the record reveals that, contrary to respondent's assertion, terminating her parental rights and freeing the child for adoption are in the best interest of the child (*see Matter of Brandon OO.*, 302 AD2d 807, 807 [2003]). The evidence reflects that the child has remained safe, appears happy and has benefitted from a healthy environment with the foster parents, and the foster parents have expressed a desire to adopt the child.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.