In the Matter of ANDRE M., a Child Alleged to be Permanently Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONYA O., Appellant. (And Two Other Related Proceedings.) [809 NYS2d 669]—

Kane, J. Appeals from two orders of the Family Court of Sul-

livan County (Meddaugh, J.), entered March 22, 2005 and June 30, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, terminated respondent's parental rights and freed the child for adoption.

In September 2002, petitioner filed a neglect petition alleging that respondent left a drug treatment facility before completing treatment, her whereabouts were unknown and the friends and relatives caring for her son were unable to continue providing him care. Family Court placed the child in petitioner's custody and adjudicated the child neglected. Since that time, the child has remained in foster care for all but one week. In July 2004, petitioner commenced this proceeding alleging permanent neglect based on respondent's failure to plan for the child's future. The court determined that the child was permanently neglected, terminated respondent's parental rights, and placed the child in petitioner's custody to be freed for adoption. Respondent appeals.

Family Court's determination that respondent permanently neglected her son is supported by clear and convincing evidence. It is uncontested that petitioner made diligent efforts to strengthen the parental relationship. To establish that respondent, as a parent of a child in foster care for the statutory time period, permanently neglected her child under the circumstances here, petitioner had to prove by clear and convincing evidence that respondent failed to realistically plan for her child's future (*see* Social Services Law § 384-b [7] [a]; *Matter of Raena TT.*, 7 AD3d 936, 937 [2004]). Respondent made progress after she was released from prison the first time, to the point that she had unsupervised overnight visitation and petitioner was considering reuniting her with the child. Despite this progress, respondent again tested positive for drug use and refused to participate in long-term treatment, resulting in her violation of parole and subsequent incarceration. Her failure to effectively plan for the child's future was exhibited by her failure to maintain stable housing and successfully deal with the substance abuse problem that led to the child's placement in foster care, rendering him permanently neglected (*see Matter of Brandon OO.*, 304 AD2d 873, 874 [2003]; *Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.