■ In the Matter of VIVIAN OO. and Another, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLAIRE OO., Appellant. (Proceeding No. 1.) In the Matter of VIVIAN OO., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CLAIRE OO., Appellant. (Proceeding No. 2.) [826 NYS2d 763]—

Rose, J. Appeals (1) from an order of the Family Court of Tompkins County (Rowley, J.), entered November 17, 2005, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected, and terminated respondent's parental rights, and (2) from an order of said court, entered November 3, 2005, which granted petitioner's application, in proceeding No. 2 pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In a decision dated February 22, 2005, Family Court found that respondent had neglected her two-year-old daughter when, in October 2003, the child's father, a convicted sex offender, sexually abused the child. At the time, the child had been in foster care for more than 20 months and the harm was inflicted while the father and respondent were exercising unsupervised visitation. The order upon that decision, however, was not entered until November 17, 2005. During the intervening period, petitioner commenced a proceeding seeking an adjudication of permanent neglect and termination of respondent's parental rights. Following a permanent neglect hearing, Family Court found that, among other things, respondent had failed to adequately plan for the child's return to her custody. By an order entered November 3, 2005, the court then terminated respondent's parental rights, as well as those of the child's father (see Matter of Vivian OO., 33 AD3d 1096 [2006]). Respondent appeals from both orders, contending that Family Court's findings of neglect and termination of her parental rights, based upon the father's abuse of the child and her failure to acknowledge that abuse, were not supported by the evidence. We now affirm.

Under the circumstances here, petitioner established by a preponderance of the evidence that respondent neglected the child because she knew or should have known of the father's history of sexually abusing children and yet she failed to exercise a minimum degree of care by allowing the father to inflict physical harm on the child (*see* Family Ct Act § 1012 [f] [i] [B]; *Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Cantina B.*, 26 AD3d 327, 327-328 [2006]; *Matter of Roy R.*, 6 AD3d 213, 214 [2004]). The record contains uncontradicted evidence that the child sustained an injury to her anus during a 24-hour time period and, during that period, she spent several hours in the unsupervised care of respondent and the father. Significantly, respondent admitted that contrary to the conditions of visitation, she left the child alone with the father and he handled the child while the child's diaper was removed. There was testimony by medical professionals that the child's injury was consistent with attempted penetration with a blunt object and was not the result of chronic diarrhea or an accidental nonpenetrating contact. Although the child had also been in the care of her foster parents during the relevant time period, Family Court expressly credited the foster mother's testimony that the child did not have the injury until she returned from being with respondent and the father.

Respondent argues that this evidence was insufficient because the medical professionals who testified were not qualified experts and did not conclusively exclude other causes of the child's symptoms. We disagree. Family Court confirmed the professionals' qualifications and clearly accepted their testimony as to the nature and possible causes of the child's injury as within their medical expertise. While respondent and the father denied responsibility for the injury and speculated that it could have occurred by accident or in the foster home, we find no basis to disturb Family Court's credibility determinations (*see Matter of Amanda M.*, 28 AD3d 813, 814 [2006]; *Matter of Collin H.*, 28 AD3d 806, 808 [2006]). Thus, the evidence was sufficient to give rise to a presumption of neglect under Family Ct Act § 1046 (a) (ii) and shift the burden to respondent to offer a reasonable explanation for the child's symptoms (*see Matter of Philip M.*, 82 NY2d 238, 244 [1993]). Her speculation as to a cause other than abuse by the father fails to meet this burden (*see Matter of Julissa II.*, 217 AD2d 743, 743-744 [1995]).

As for the permanent neglect proceeding, respondent again disputes that the father was proven to have abused the child, and she contends that Family Court erred in determining that petitioner was not required to make diligent and reasonable ef-

forts to encourage and strengthen the parental relationship between respondent and her child (*see* Social Services Law § 384-b [7] [a], [f]). We cannot agree. While petitioner demonstrated substantial efforts to strengthen the parental relationship prior to the permanent neglect hearing, respondent's own conduct showed that additional efforts would have been futile because she had not acknowledged the risk posed by the father. As Family Court noted, respondent's persistent denial of the father's sexual abuse of the child, and the risk that he continued to pose, resulted in there being no likelihood of reuniting her with the child. Thus, the court did not err in excusing petitioner from making additional diligent efforts (*see e.g. Matter of Karina U.*, 299 AD2d 772, 772-773 [2002], *lv denied* 100 NY2d 501 [2003]).

We also find clear and convincing evidence to uphold Family Court's conclusion that respondent failed to plan for the child's future "although physically and financially able to do so" (Social Services Law § 384-b [7] [a]; Family Ct Act § 614 [1] [d]). Although the child was removed because of sexual abuse by the father, respondent has never acknowledged that any harm was inflicted, she continues to maintain a relationship with the father, and she has expressed a strong desire to reunite herself and the child with him. Thus, despite the father's history and petitioner's provision of training and counseling to respondent, respondent does not understand or acknowledge the necessity of protecting her child from the very real risk of future sexual abuse by the father. We also note that respondent did not testify or present witnesses at the fact-finding hearing, allowing Family Court to draw the strongest inferences against her that the evidence would allow (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]; *Matter of Antonio NN.*, 28 AD3d 826, 828 [2006]). In short, the evidence demonstrates that respondent failed to correct the condition that led to the removal of the child (*see Matter of Jennifer R.*, 29 AD3d 1003, 1004 [2006]; *Matter of Tabitha BB.*, 304 AD2d 875, 876 [2003]) and she does not have a plan for the child's future that would prevent its recurrence (*see Matter of Karina U., supra* at 773; *Matter of Keith JJ.*, 295 AD2d 644, 648 [2002]; *Matter of Princess C.*, 279 AD2d 825, 828 [2001]).

Finally, Family Court's termination of respondent's parental rights and decision to free the child for adoption are in the best interests of the child, who now has resided with the foster parents for nearly five years. She is in a healthy environment with them and they have expressed a desire to adopt her (*see Matter of Karina U., supra* at 773; *Matter of Alijah XX.*, 19

AD3d 770, 772 [2005]). Although respondent argues that Family Court should have credited her promise to keep the father away from the child permanently if that were necessary to recover custody, the evidence belies the reasonableness of her assurance. We have considered respondent's remaining contentions, including her claims of deprivations of due process in these proceedings, and find them to be without merit.

Carpinello, J.P., Lahtinen and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.