■ In the Matter of Destiny CC. and Others, Children Alleged to be Permanently Neglected. Broome County Depart-

MENT OF SOCIAL SERVICES, Respondent; REBERICK CC., Appellant, et al., Respondent. [835 NYS2d 515]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 28, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondent Reberick CC. (hereinafter respondent) is the father of Destiny CC. (born in 1995), Treaustyn CC. (born in 1997), and Dionte CC. (born in 1999). In 2002, respondent and the children's mother, respondent Jaella EE., were determined to have neglected the children and the children were placed in petitioner's care and custody, where they have remained. In September 2005, petitioner commenced this permanent neglect proceeding against respondent and the mother. After a fact-finding hearing, Family Court adjudicated the three children to be permanently neglected. The matter proceeded to a dispositional hearing, at the close of which Family Court terminated the parental rights of respondent and the mother. Respondent appeals.

The threshold inquiry in a permanent neglect proceeding is whether the petitioning agency has exercised "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Willard L.*, 23 AD3d 964, 964-965 [2005], *lv denied* 6 NY3d 708 [2006]). In our view, petitioner met its burden of demonstrating by clear and convincing evidence that it undertook diligent efforts here, given its proof that it arranged for regular visitation between respondent and the children, psychological and domestic violence counseling, substance abuse evaluation and treatment, transportation for the visits and counseling, parenting classes and parent aid services, and assisted respondent in obtaining and maintaining

a residence (*see Matter of Willard L., supra* at 965; *Matter of Elijah NN.*, 20 AD3d 728, 729-730 [2005]; *Matter of Karina U.*, 299 AD2d 772, 772-773 [2002], *lv denied* 100 NY2d 501 [2003]). That respondent was unable or unwilling to change his lifestyle and gain insight into his behavior does not detract from petitioner's showing of diligence—"an agency that has embarked on a diligent course but faces an utterly uncooperative or indifferent parent [will] nevertheless be deemed to have fulfilled its duty" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]; *see Matter of James X.*, 37 AD3d 1003, 1005-1006 [2007]; *Matter of Karina U., supra* at 773).

We further reject respondent's argument that Family Court erred in finding that he failed to plan for the future of his children (*see* Social Services Law § 384-b [7] [a], [c]). As we have previously explained, " 'failure to correct the conditions that led to the removal of the child' " constitutes a " 'failure to plan for the child's future' " (*Matter of Willard L., supra* at 965, quoting *Matter of Karina U., supra* at 773). Here, respondent did not engage in regular visitation with the children or satisfactorily complete mental health, domestic violence and substance abuse counseling despite petitioner's repeated encouragement and support. Indeed, he was dismissed from his mental health treatment program for lack of attendance, stopped taking medication for his mental illness, refused to engage in sexual abuse counseling or drug screens and stated that he should not be required to participate in the services provided because "the neglect proceedings . . . weren't about him[,] they were all about [the mother]." Furthermore, despite the existence of an order of protection in favor of the mother against respondent, he remained in regular contact with her and committed acts of domestic violence against her while enrolled in a batterer's intervention program, which he also failed to complete. Under these circumstances, clear and convincing evidence supports Family Court's finding that respondent failed to benefit from the extensive services offered to him and to realistically plan for the children's future (*see Matter of James X., supra* at 1006-1007; *Matter of Willard L., supra* at 965-966; *Matter of Elijah NN., supra* at 730).

Respondent's remaining argument—that Family Court should have suspended judgment, rather than terminating his parental rights—is unpreserved (*see Matter of James X., supra* at 1007; *Matter of Bryce R.W.*, 32 AD3d 1312, 1313 [2006]).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.