In the Matter of ANDREW Z. and Another, Children Alleged to be Permanently Neglected. COMMISSIONER OF SOCIAL SERVICES OF CHEMUNG COUNTY, Respondent; SUSAN Z. et al., Appellants. [837 NYS2d 422]—

Rose, J. Appeals from two orders of the Family Court of Chemung County (Hayden, J.), entered June 29, 2006 and October 26, 2006, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondents' parental rights.

Respondent Susan Z. is the parent of Brooks AA. (born in 2003) and she and respondent Andrew S. are the parents of Andrew Z. (born in 2004). The children were removed from respondents' custody in August 2004, found to be neglected in June 2005 and petitioner commenced this permanent neglect proceeding in January 2006. Following a full fact-finding hearing and a dispositional hearing at which no witness testimony was presented, Family Court granted the petition and terminated respondents' parental rights. Both respondents appeal.

Petitioner proved by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). Petitioner's efforts included providing supervised visitation, assistance in attempting to obtain SSI and other financial benefits, referrals for mental health evaluations and counseling, parenting classes and transportation (*see Matter of Ariel PP.*, 9 AD3d 628, 628-629 [2004], *lv denied* 3 NY3d 608 [2004]; *Matter of Karina U.*, 299 AD2d 772, 772-773 [2002], *lv denied* 100 NY2d 501 [2003]).

Respondents failed to cooperate with those efforts and realisti-

cally plan for the children's future for more than one year (*see* Social Services Law § 384-b [7] [a], [c]). Respondents refused, or failed to complete, IQ testing and mental health evaluations which, due to their learning disabilities, were needed to determine what counseling and educational services would meet their respective needs. Further, respondents missed at least one third of the scheduled visitations with their children, attended only one service plan review meeting and insisted that there was no need to complete the required programs. As a result, there is ample support for the conclusion that they were uncooperative parents who failed to adequately participate in available evaluations, programs and other steps "necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time" (*Matter of Star Leslie W., supra* at 143; *see Matter of James X.,* 37 AD3d 1003, 1005 [2007]; *Matter of Willard L.,* 23 AD3d 964, 965-966 [2005], *lv denied* 6 NY3d 708 [2006]).

Nor did Family Court err by making its disposition without hearing testimony or considering the custody petition that had been recently filed by the children's uncle. Under the circumstances here, the uncle's petition was immaterial to the determination of respondents' parental rights, particularly since they waived their right to present evidence at the dispositional hearing, and they lack standing to assert his rights on appeal (*cf. Matter of Carl G. v Oneida County Dept. of Social Servs.,* 24 AD3d 1274, 1275 [2005]). Finally, the record presents a sound and substantial basis for Family Court's determination that it would be in the children's best interests to be made available for adoption. We have considered respondents' remaining arguments and find them to be unavailing.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.