In the Matter of DEBORAH F., Appellant, v MATIKA G. et al., Respondents, and ALBANY COUNTY DEPARTMENT FOR CHILDREN, YOUTH & FAMILIES, Respondent. (And Two Other Related Proceedings.) [855 NYS2d 299]—

Stein, J. Appeal from an order of the Family Court of Albany County (Walsh, J.), entered June 1, 2007, which, among other things, dismissed petitioner's applications, in three proceedings

pursuant to Family Ct Act article 6 and Social Services Law § 384-b, for custody of her grandson.

Petitioner is the maternal grandmother of the child (born in 2001), who is the subject of the instant proceedings. The child's mother, respondent Matika G. (hereinafter the mother), left him with petitioner in April 2003. After about three weeks, petitioner called Child Protective Services because she was unable to care for him at the time, due to her own health problems and other responsibilities. The child was placed in foster care on April 28, 2003 and was placed in his current foster home in April 2004, where he has continued to reside throughout these proceedings. In November 2003, petitioner filed a petition for visitation with the child, resulting in an order being signed and entered in May 2004, awarding her one-half hour of visitation every other week.

In June 2005, respondent Albany County Department for Children, Youth & Families (hereinafter DCYF) commenced a permanent neglect proceeding to terminate the mother's parental rights. Petitioner immediately filed a petition seeking joint custody of the child with DCYF or, alternatively, with the mother in the event that the mother regained custody of the child. In October 2005, petitioner filed another petition seeking custody of the child, which she later amended to set forth additional allegations. On August 2, 2005, the mother admitted to having permanently neglected the child. A dispositional hearing commenced in November 2005. Petitioner's custody applications were considered as part of such hearing.

In August 2006, Family Court rendered a bench decision and issued written orders determining that the mother had permanently neglected the child, terminating her parental rights and changing the permanency goal to adoption.* By an August 2006 order, Family Court dismissed petitioner's first custody petition. Family Court also issued a written order of disposition in September 2006 which adjudicated the child a permanently neglected child, transferred custody to respondent, authorized respondent to consent to the child's adoption and dismissed petitioner's October 2005 "modification of custody petition." Petitioner now appeals.

We affirm. Family Court did not abuse its discretion in dismissing the custody petitions. Where, as here, there has been a finding of permanent neglect, a disposition must be made "solely on the basis of the best interests of the child, and there shall be no presumption that such interests will be promoted by

---

* The parental rights of respondent Edward H., the child's father, were also terminated in a separate proceeding.

any particular disposition" (Family Ct Act § 631; *see Matter of James X.*, 37 AD3d 1003, 1007 [2007]; *Matter of Donald W.*, 17 AD3d 728, 729 [2005], *lv denied* 5 NY3d 705 [2005]). A blood relative does not take precedence over a prospective adoptive parent selected by the authorized agency (*see Matter of D. Children*, 177 AD2d 393, 394 [1991], *lv dismissed* 79 NY2d 911 [1992]). Here, Family Court properly considered petitioner's fitness, the fitness of the foster parent, the length of time spent in foster care, the child's special needs and his adjustment to foster care (*see Matter of Star Leslie W.*, 63 NY2d 136, 148 [1984]; *Matter of Nahia M.*, 39 AD3d 918, 921 [2007]; *Matter of Alijah XX.*, 19 AD3d 770, 772 [2005]; *Matter of Deborah I.*, 6 AD3d 771, 774 [2004]).

Specifically, petitioner did not even seek visitation with the child for more than six months after he was removed from her home and had minimal contact with him thereafter. Furthermore, there was evidence that petitioner had trouble controlling the mother, both as a child and as an adult, and that petitioner intended to allow the mother to have unsupervised access to the child, despite the mother's history of violent outbursts, including striking the child, and indicated reports to child protective services for excessive corporal punishment and lack of supervision. In addition, two of petitioner's own children had been placed in foster care when they were growing up, for which petitioner apparently had not accepted any responsibility. Similarly, petitioner did not seem to be willing to acknowledge or address the child's special education needs, as she attributed the behavior associated with his ADHD to his lack of contact with his biological family.

In contrast, the record demonstrates that the child's three years in foster care have been marked by increasing stability, a reduction in the need for special services, and educational success. His foster parent clearly made substantial efforts to meet the child's needs. There is also evidence of the child's significant attachment to his foster parent and her biological children. Conversely, the evidence showed a lack of bonding between the child and petitioner.

While petitioner's view of the evidence differs, Family Court's determination that dismissal of petitioner's custody petitions was in the best interest of the child is entitled to great deference (*see Matter of James X.*, 37 AD3d at 1007; *Matter of Alijah XX.*, 19 AD3d at 771). The record herein amply supports and provides a substantial basis for Family Court's determination (*see Matter of Andrew Z.*, 41 AD3d 912 [2007]). Thus, Family Court's determination is affirmed.

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.