■ In the Matter of JAYDEN J., a Child Alleged to be Permanently Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHANNA K., Appellant. (And Another Related Proceeding.) [955 NYS2d 232]—

Malone Jr., J. Appeal from an order of the Family Court of St. Lawrence County (Richards, J.), entered October 31, 2011, which, among other things, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Jayden J. to be a permanently neglected child, and terminated respondent's parental rights.

The child that is the subject of the instant proceeding was born in 2006 and placed in foster care based upon derivative neglect resulting from prior termination of respondent's parental rights to two of her other children. In March 2010, petitioner commenced this proceeding alleging that respondent permanently neglected the child by failing to adequately plan for his future (see Social Services Law § 384-b [7] [a]) and sought termination of her parental rights. Following fact-finding and dispositional hearings, Family Court found petitioner's allegations to have been proven by clear and convincing evidence, ordered that respondent's parental rights be terminated and freed the child for adoption by his foster parents. This appeal ensued.

Respondent, as so limited by her brief, contends that Family Court's finding that she failed to plan for the future of the child is not supported by the record. We disagree. "In order to establish permanent neglect, the petitioner is required to prove, by clear and convincing evidence, that it made diligent efforts to strengthen and encourage the parent-child relationship and that, despite those efforts, the respondent failed to maintain contact with the child or plan for the child's future for a period of one year or 15 of the most recent 22 months" (*Matter of Chorus SS. [Elatisha SS.]*, 93 AD3d 1097, 1098 [2012], *lv denied* 19 NY3d 807 [2012] [internal quotation marks and citations omitted]). "[C]ontact and planning are alternative elements, and proof of failure to perform one [of these elements] is sufficient to sustain a finding of permanent neglect" (*Matter of Jyashia RR. [John VV.]*, 92 AD3d 982, 984 [2012] [internal quotation marks and citations omitted]; *see Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Chorus SS. [Elatisha SS.]*, 93 AD3d at 1098). Planning for the future of the child requires that a parent "take such steps as may be necessary to provide an adequate, stable home and parental care for the child . . . . The plan must be realistic and feasible, and good faith effort shall not, of itself, be determinative" (Social Services Law § 384-b [7] [c]; *see Matter of Elijah NN.*, 20 AD3d 728, 729 [2005]).

Here, there is no dispute that respondent maintained contact

with the child and that she participated in various services and programs offered or recommended by petitioner. However, despite initial progress from the services provided, the record reflects that respondent gleaned little meaningful benefit from those services. Significantly, respondent continually involved herself in abusive and volatile relationships, despite completing two separate educational programs regarding domestic violence. Furthermore, although acknowledging the abusive nature of the relationships, respondent testified that she still maintains friendships with those men. The record also establishes that during the trial placement of the child with respondent, she was found in the presence of one of these men, along with her children, which was in violation of an order of protection. As a result of such violation, as well as respondent's consumption of alcohol and dishonesty with petitioner regarding her actions and those living in her household, the trial placement was terminated and the child was returned to foster care.

In view of the foregoing, and according deference to Family Court's credibility findings, clear and convincing evidence in the record supports Family Court's finding that respondent failed to make permanent, meaningful changes to address the specific issues that led to the child's removal in the first instance, notwithstanding her participation in services offered by petitioner. Accordingly, the determination terminating respondent's parental rights on the basis that she did not appropriately plan for the child's future will not be disturbed (*see Matter of Chorus SS. [Elatisha SS.]*, 93 AD3d at 1099).

Peters, P.J., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.