■ In the Matter of JOSEPH FLINTER, Respondent, v STATE OF NEW YORK DEPARTMENT OF TRANSPORTATION et al., Appellants, et al., Respondent. [671 NYS2d 282] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellant State of New York Department of Transportation in issuing a highway work permit to the respondent MVM Contracting Corp. on behalf of the appellant Bon Properties, Inc., the State of New York Department of Transportation and Bon Properties, Inc., separately appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Bernhard, J.), dated September 17, 1996, which granted the petition, annulled the highway work permit, and directed the appellants to "approve and construct a suitable curb/cut (for large trucks) in the easement area within 90 days".

Ordered that the appeal by Bon Properties, Inc., is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order and judgment is reversed insofar as appealed from by the State of New York Department of Transportation, on the law, the petition is denied, the proceeding is dismissed, and the highway work permit is reinstated; and it is further,

Ordered that the State of New York Department of Transportation is awarded one bill of costs.

It is well settled that in determining whether to grant an application for a highway work permit, the State of New York Department of Transportation (hereinafter DOT) may impose general design requirements "intended to provide maximum safety and convenience for the travelling public" (17 NYCRR 125.5). Among these requirements are that a driveway or driveway system be located so as to provide the most favorable vision, grade, and alignment conditions for motorists using the proposed driveway and the highway, and that there should be no undue interference with the free and safe movement of highway traffic (see, 17 NYCRR 125.5 [a]). The DOT's determination to reroute the driveway system, which took these considerations into account, had a rational basis and, thus, was neither arbitrary nor capricious. Accordingly, it should not have been annulled by the Supreme Court. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.