■ In the Matter of LANE CONSTRUCTION CORPORATION, Petitioner, v JOHN CAHILL, as Commissioner of Environmental Conservation, et al., Respondents. [704 NYS2d 687] —Mugglin, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent Deputy Commissioner of Environmental Conservation which denied petitioner's request to operate a hard rock quarry.

Petitioner in this CPLR article 78 proceeding seeks judicial review of the determination of respondent Deputy Commissioner of Environmental Conservation denying its application for a mined land reclamation permit and related permits to operate a hard rock quarry in the Town of Nassau, Rensselaer County. The proposed mine would exist on a 136-acre parcel owned by petitioner and would cover approximately 119 acres of the site. The site is locally known as Snake Mountain and consists of two promontories, the South Hill and the North Hill, with elevations of approximately 900 feet and 850 feet, respectively. Petitioner estimates that approximately 22 million cubic yards of Rensselaer Graywacke rock would be removed from the mine over a period of 100 to 150 years. In the process, Snake Mountain would be reduced in height by approximately 280 feet.

Subsequent to the submission by petitioner of a draft environmental impact statement pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), the Department of Environmental Conservation (hereinafter DEC) issued a draft permit. Following an adjudicatory hearing at which the parties presented evidence and testimony concerning designated issues, the Administrative Law Judge (hereinafter ALJ), having concluded that petitioner had met its burden of proof and had demonstrated that the proposed project would fully comply with DEC's regulatory requirements, recommended that petitioner's application be approved. The Deputy Commissioner, sitting in place of respondent Commissioner of Environmental Conservation, while accepting the ALJ's analysis and findings, denied petitioner's permit based on the over-all record concluding "that the project's impacts on the historical and scenic character of the community including visual and other impacts on the community cannot be sufficiently mitigated". We now confirm the refusal to issue the requested permits.

Petitioner raises two arguments in its brief. First, petitioner asserts that the failure of DEC to adopt regulatory standards or criteria applicable to mining projects relating to visual standards renders the Deputy Commissioner's determination ultra vires, arbitrary and capricious, and null and void. The second argument attacks the determination of DEC as being arbitrary and capricious and unsupported by substantial evidence.

Insofar as the first argument is concerned, we note that even though petitioner could have raised this as an issue before the ALJ, it did not do so and therefore the issue is unpreserved for our review (*see, Matter of Puff v Jorling,* 188 AD2d 977, 981). Moreover, were we to consider the merits of this argument, we would find it unavailing for two reasons. First, the Deputy Commissioner's determination was based on the provisions of SEQRA. Consequently, the absence of regulations concerning visual standards governing mining operations pursuant to the Mined Land Reclamation Law (ECL art 23, tit 27), assuming such could be promulgated, would have no bearing on the Deputy Commissioner's determination. Also, while part of the goal of ECL article 23 was to promote mining by providing guidelines through the adoption and creation of uniform restrictions and regulations (*see, Matter of Frew Run Gravel Prods. v Town of Carroll,* 71 NY2d 126, 132), the statute does not mandate that DEC pass detailed regulations describing the exact visual or sound impacts that would preclude the issuance of a mining permit.

Turning to petitioner's second argument, we note that the correct standard of review is whether DEC's determination is supported by substantial evidence (*see,* 6 NYCRR 621.7 [b]; *see also, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231), and will not be disturbed so long as it has a rational basis (*see, Matter of Merson v McNally,* 90 NY2d 742, 752). Consequently, even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the Deputy Commissioner provided that the administrative determination is properly supported by the record (*see, Matter of Save Our Forest Action Coalition v City of Kingston,* 246 AD2d 217, 221).

The mining permit process is designed to promote the mining industry by authorizing the economically necessary development of mineral resources "compatible with sound environmental management practices" (ECL 23-2703 [1]). To achieve the mandated balancing, the permitting agency is required to take "a hard look" at the proposed mining project and make a "reasoned elaboration" of the basis for the determination (*see, Akpan v Koch,* 75 NY2d 561, 570; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). Contrary to petitioner's assertions, we believe that this record demonstrates that the Deputy Commissioner did take the requisite hard look and made a reasoned elaboration balancing the proposed mining project against the legitimate environmental concerns. The Deputy Commissioner found that despite the

proposed mitigation efforts, unacceptable environmental impacts would occur. These concerns are adequately referenced in the findings of fact made by the ALJ and adopted by the Deputy Commissioner in his decision. Moreover, the Deputy Commissioner did not improperly rely on letters from the Office of Parks, Recreation and Historic Preservation in denying the permit. DEC is required to consult with this office concerning the proposed mine's impact on historical buildings and landmarks (*see*, Parks, Recreation and Historic Preservation Law § 14.09).

Clearly, the determination of the Deputy Commissioner is founded upon SEQRA considerations appropriately balanced against the fundamental public purpose of fostering responsible and appropriately sited mining operations. The determination should be confirmed since it is supported by "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180).

Cardona, P. J., Mercure and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs and petition dismissed.