■ In the Matter of JEREMY COHEN et al., Respondents, v STATE OF NEW YORK et al., Appellants. [770 NYS2d 361]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Transportation to construct a noise barrier denominated Barrier No. B07041, the State of New York, the New York State Department of Transportation, and Joseph Boardman, as Commissioner of the New York State Department of Transportation, appeal from (1) an order of the Supreme Court, Nassau County (Parga, J.), dated June 11, 2002, and (2) a judgment of the same court entered June 14, 2002, upon the order dated June 11, 2002, and upon an order of the same court (Adams, J.), dated November 1, 2000, which, among other things, granted the petition, annulled the determination, and permanently enjoined the New York State Department of Transportation from constructing Barrier No. B07041.

Ordered that the appeal from the order dated June 11, 2002, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the determination is confirmed, the proceeding is dismissed on the merits, and the orders dated November 1, 2000, and June 11, 2002, are modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order dated June 11, 2002, must be dismissed because no appeal lies as of right from a nonfinal order in a proceeding pursuant to CPLR article 78 (see CPLR 5701 [b]), and in any event, any right of direct appeal therefrom terminated with entry of judgment in the proceeding (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

After several years of consideration, in June 1999 the New York State Department of Transportation (hereinafter the DOT)

reached a decision to construct a noise barrier on the south side of the North Service Road of the Long Island Expressway in Roslyn Heights. The DOT began advertising for a contractor to construct the noise barrier in July 1999 and began officially accepting bids for the project on September 23, 1999. On October 29, 1999, the DOT awarded the contract for construction of the noise barrier, and construction was scheduled to commence in July 2000. However, on June 14, 2000, the petitioners, who own commercial properties which will be obscured from view from the highway by the proposed noise barrier, commenced this proceeding against the appellants seeking, inter alia, to enjoin construction. The petitioners contended that the decision to construct the noise barrier was based upon a "fatally flawed" noise study, and that the appellants failed to comply with the requirements of the State Environmental Quality Review Act (hereinafter SEQRA) before incorporating the barrier into a larger highway improvement project. The appellants thereafter moved to dismiss the petition, alleging, inter alia, that the proceeding was barred by the four-month statute of limitations applicable to CPLR article 78 proceedings. After conducting a hearing, the Supreme Court concluded, by order dated November 1, 2000, that the proceeding was not time-barred, and that the appellants' decision to construct the noise barrier was, in effect, arbitrary and capricious because it was based upon an improperly-performed noise study. The Supreme Court subsequently issued a second order and a judgment permanently enjoining construction, based upon the November 1, 2000, order.

The appellants contend that the Supreme Court erred in denying their motion to dismiss the petition because the four-month statute of limitations accrued, at the very latest, in October 1999 when the DOT awarded a contract for the construction of the noise barrier. We agree. CPLR 217 provides, in pertinent part, that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." In analyzing this issue, the Court must first ascertain what decision the petitioner seeks to review, and then determine when the petitioner was actually aggrieved by that decision (*see Matter of Martin v Ronan*, 44 NY2d 374, 380-381 [1978]; *Matter of Villella v Department of Transp. of State of N.Y.*, 142 AD2d 46 [1988]). The petitioners became aggrieved by the June 1999 decision of the DOT to construct the subject noise barrier when implementation of the project became imminent (*see Matter of Villella v Department of Transp. of State of N.Y., supra*). This occurred, at the latest, on October 29, 1999, when the DOT

awarded a contract for construction of the noise barrier. We further note that although three of the petitioners claim that they were not aware of the decision of the DOT until April 2000, the DOT advertised for a contractor for an eight-week period beginning in July 1999, and the letting of bids was made public in September 1999. Under these circumstances, this proceeding, commenced well over four months after these acts occurred, and long after the four-month period after the contract for construction was awarded, is time-barred (*see Matter of Villella v Department of Transp. of State of N.Y., supra*).

In any event, contrary to the Supreme Court's determination, we find that the decision to construct the noise barrier was not arbitrary and capricious. "[I]t is settled that in a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). Consequently, even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency where the agency's determination is supported by the record (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 231 [1974]; *Matter of Lane Constr. Corp. v Cahill*, 270 AD2d 609 [2000]; *Matter of Save Our Forest Coalition v City of Kingston*, 246 AD2d 217, 221 [1998]). The environmental impact statement issued in April 1996 and the June 1999 noise study commissioned by the DOT provided a rational basis for the determination of the DOT that construction of the noise barrier was warranted for the protection of residences located close to the highway. Although the petitioners' expert disagreed with the manner in which the 1999 noise study was conducted and challenged its conclusions, given the conflicting expert opinion, the Supreme Court should not have substituted its judgment for that of the DOT by annulling its determination to construct the subject barrier. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.