■ In the Matter of PATRICIA SLIKER et al., Petitioners, v
NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al.,
Respondents. [840 NYS2d 633]—

Mercure, J.P. Proceeding pursuant to CPLR article 78
(transferred to this Court by order of the Supreme Court,
entered in Albany County) to review a determination of respon-
dent Public Employment Relations Board which ruled that re-
spondent Honeoye Central School District did not violate Civil
Service Law § 209-a (1) (d) by transferring unit work to an
outside contractor.

In September 2004, petitioner Honeoye Central School
District Support Staff Association (hereinafter the Association)
filed an improper practice charge against respondent Honeoye
Central School District (hereinafter the District) under Civil
Service Law § 209-a (1) (d) alleging that the District had
transferred certain lawn and landscaping work, which had been
performed exclusively by its members, to an outside contractor.
The District served an answer and a hearing was held before an
Administrative Law Judge for respondent Public Employment
Relations Board (hereinafter PERB). At the conclusion of the
hearing, the Administrative Law Judge found that the District
had, in fact, violated Civil Service Law § 209-a (1) (d). On
administrative appeal, PERB disagreed and ruled that there
was no violation because the subject work was not exclusive to
the Association's members. This CPLR article 78 proceeding
ensued.

As a threshold matter, our review is limited to whether
PERB's determination is supported by substantial evidence (see
Matter of Syracuse Police Benevolent Assn. v New York State
Pub. Empl. Relations Bd., 24 AD3d 913, 914-915 [2005]). In
evaluating whether the transfer of unit work violates the provi-
sions of Civil Service Law § 209-a (1) (d), this Court has
recognized that the initial inquiry is " 'whether the work [in
question] had been performed by unit employees exclusively
and whether the reassigned tasks are substantially similar to
those previously performed by unit employees' " (Matter of State
of N.Y. Dept. of Correctional Servs. v Kinsella, 220 AD2d 19, 22
[1996], quoting Matter of Niagara Frontier Transp. Auth. [Ni-

*agara Frontier Transp. Auth. Pub. Safety Officers Benevolent Assn.]*, 18 PERB 3083, 3182 [1985]). In the instant case, the lawn and landscaping work which was contracted out is the type of work that was normally performed by the District's groundskeepers, who are unit members. On the issue of exclusivity, evidence was presented that many of the grounds-keepers' duties had been performed over the years by their supervisor, a nonunit member. Specifically, it was established that, during his 10-year tenure, the supervisor had mowed the lawns, aerated and fertilized the grounds, dragged and lined the fields and raked the leaves. While he performed such tasks as needed and not according to a regular schedule, the scope and duration of his activities establish that they were more than incidental (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [County of Westchester]*, 38 PERB 3032 [2005]; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Genesee County Local # 819, City of Batavia Empls. Unit [City of Batavia]*, 28 PERB 3076 [1995]; *cf. Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Onodaga County Local 834 [County of Onondaga]*, 27 PERB 3048 [1994]). Accordingly, substantial evidence supports PERB's determination that the District did not violate Civil Service Law § 209-a (1) (d) because the work at issue was not exclusive to the Association's members.

Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.