*779 In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Department of Transportation of State of New York dated May 26, 2004, denying the application of the petitioners, Fairchild Corporation and Stew Leonard’s Farmingdale, LLC, for a highway work permit, Joseph H. Board-man, as Commissioner of the Department of Transportation of State of New York, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 27, 2007, as granted the petition to the extent of vacating the determination dated May 26, 2004, and directed the Department of Transportation of State of New York to issue a highway work permit to Fairchild Corporation and Stew Leonard’s Farmingdale, LLC, subject to reasonable conditions in accordance with Highway Law § 52.
Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the Department of Transportation of State of New York to issue a highway work permit to Fairchild Corporation and Stew Leonard’s Farmingdale, LLC, subject to reasonable conditions in accordance with Highway Law § 52, and substituting therefor a provision remitting the matter to the Department of Transportation of State of New York for a new determination of the application of Fairchild Corporation and Stew Leonard’s Farmingdale, LLC, for a highway work permit without regard to improper factors beyond the scope of Highway Law § 52; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court properly determined that the Department of Transportation of State of New York (hereinafter DOT) acted arbitrarily and capriciously in denying the application of Fairchild Corporation and Stew Leonard’s Farmingdale, LLC (hereinafter together Fairchild), for a highway work permit (see CPLR 7803 [3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; cf. Matter of Ellis v Division of Hous. & Community Renewal of State of N.Y., 45 AD3d 594, 595 [2007]; Matter of Cohen v State of New York, 2 AD3d 522, 525 [2003]). In considering an application for a highway work permit, the statutory considerations set forth in Highway Law § 52 govern the scope of the analysis by DOT (see Matter of Flinter v State of N.Y. Dept. of Transp., 249 AD2d 304 [1998]; see also 17 NYCRR 125.5). Here, the Supreme Court correctly determined that DOT improperly considered factors *780 beyond the statutory considerations set forth in Highway Law § 52 (cf. Matter of Cohen v State of New York, 2 AD 3d at 525; Matter of Flinter v State of N.Y. Dept. of Transp., 249 AD2d 304 [1998]).
However, the Supreme Court erred in directing DOT to issue the highway work permit to Fairchild. Fairchild did not seek such relief in the petition and a number of unresolved issues exist before any permit could issue, including the fact that DOT admittedly never reviewed Fairchild’s traffic study. Moreover, DOT did not determine whether Fairchild needs or would be able to obtain an easement for its proposed southern access to and from the development to Route 110 (see Matter of Cameron v Church, 286 AD2d 328 [2001]). Accordingly, the Supreme Court should have remitted the matter to DOT for a new determination of Fairchild’s highway work permit application without regard to improper factors beyond the scope of Highway Law § 52. Fisher, J.E, Balkin, McCarthy and Leventhal, JJ., concur.