Matter of Board of Educ. of the Newburgh Enlarged City Sch. Dist. v Public Empl. Relations Bd. of the State of N.Y. (2025 NY Slip Op 06579)

Matter of Board of Educ. of the Newburgh Enlarged City Sch. Dist. v Public Empl. Relations Bd. of the State of N.Y.

2025 NY Slip Op 06579

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-1839
[*1]In the Matter of Board of Education of the Newburgh Enlarged City School District, Petitioner,
v
Public Employment Relations Board of the State of New York et al., Respondents.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Shaw, Perelson, May & Lambert, LLP, Poughkeepsie (Mark C. Rushfield of counsel), for petitioner.
Laura H. Delaney, Public Employment Relations Board, Albany (Ellen M. Mitchell of counsel), for Public Employment Relations Board of the State of New York, respondent.
Robert T. Reilly, New York State United Teachers, Latham (Jose L. Manjarrez of counsel), for The Newburgh Teachers' Association, respondent.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that petitioner had committed an improper employer practice.
Respondent Newburgh Teachers' Association (hereinafter NTA) is a public employee organization that represents, among others, school social workers and school psychologists (hereinafter collectively referred to as the school providers) employed by petitioner. The school providers offer mental health counseling to students, in addition to other duties. In 2013, petitioner obtained a grant to establish a pilot program for the operation of "satellite" mental health clinics at three of its schools, in partnership with the Orange County Department of Mental Health (hereinafter OCDMH). The purpose of the pilot program was to provide mental health services to non-mandated students [FN1] and their families on school grounds, where such services might be more easily accessed than in other county locations. The clinics were staffed by clinical social workers employed by OCDMH (hereinafter the County social workers). In 2014, petitioner and NTA signed memoranda of agreement allowing the County social workers to be employed within the schools, with the caveat that the County social workers would not replace the school providers, nor would NTA be waiving its exclusive right to bargain concerning the work of the school providers. In 2016, NTA advised petitioner that it would no longer consent to the continued employment of the County social workers within the schools upon expiration of the grant. Nonetheless, after the grant expired in 2017, petitioner and OCDMH continued to operate the satellite clinics on school property, albeit under a different funding arrangement.
Thereafter, NTA filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB), alleging that petitioner had unilaterally transferred bargaining unit work to the County social workers in violation of Civil Service Law article 14 (hereinafter the Taylor Law) (see Civil Service Law § 209-a [1] [d]). Petitioner answered, and a hearing was held before an Administrative Law Judge (hereinafter ALJ). On the final day of the hearing, petitioner attempted to raise a public policy argument, essentially claiming that it was not required to bargain with NTA due to the strong public policy interest in supporting students' mental health. The ALJ observed that this defense was not contained in petitioner's answer and, accordingly, allowed petitioner to move to amend its answer to raise the defense. Petitioner filed such a motion, but it was denied for lack of good cause. Ultimately, the ALJ found that petitioner had engaged in an improper employer practice by transferring bargaining unit work to non-unit employees without first negotiating with NTA. Upon administrative appeal, PERB adopted the ALJ's findings and [*2]upheld the decision, issuing a remedial order requiring that the work of counseling non-mandated students be returned to NTA's bargaining unit.
Petitioner then commenced this CPLR article 78 proceeding seeking to annul PERB's determination because, among other reasons, it was not based upon substantial evidence (see CPLR 7803 [4]). NTA answered, and PERB moved pre-answer to dismiss the petition. Supreme Court transferred the proceeding to this Court. Upon review, this Court denied PERB's motion to dismiss the petition on the basis that PERB was improperly seeking a merits-based determination of the petition in the context of a pre-answer motion and remitted the matter to Supreme Court to allow PERB to file an answer (213 AD3d 1186 [3d Dept 2023]). PERB subsequently filed an answer, which included a counterclaim for enforcement of its remedial order, and the proceeding was transferred back to this Court.
We confirm. In determining whether there was a transfer of unit work that violated the Taylor Law, the issue, as relevant here, is "whether the work in question had been performed by unit employees exclusively and whether the reassigned tasks are substantially similar to those previously performed by unit employees" (Matter of Sliker v New York State Pub. Empl. Relations Bd., 42 AD3d 653, 653-654 [3d Dept 2007] [internal quotation marks, brackets and citations omitted]; see Civil Service Law § 209-a [1] [d]; Matter of Lawrence Union Free Sch. Dist. v New York State Pub. Empl. Relations Bd.,200 AD3d 886, 888 [2d Dept 2021]; Matter of Romaine v Cuevas, 305 AD2d 968, 969 [3d Dept 2003]). Our review of a decision by PERB following a hearing on an improper practice charge is limited to whether PERB's conclusion is supported by substantial evidence, "which, in turn, depends upon whether there exists a rational basis in the record as a whole to support the findings upon which such determination is based" (Matter of Romaine v Cuevas, 305 AD2d at 969; see Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 492 [2014]; Matter of State of New York v New York State Pub. Empl. Relations Bd., 183 AD3d 1172, 1177 [3d Dept 2020]; Matter of Sliker v New York State Pub. Empl. Relations Bd., 42 AD3d at 653).[FN2]
Turning first to the question of exclusivity, petitioner contends that the work of counseling non-mandated students was not exclusively performed by the school providers prior to implementation of the pilot program because the school providers would, at times, refer students to outside agencies. We disagree. The hearing testimony reflected that these referrals were for services that fell beyond the scope of the school providers' job duties, inasmuch as certain students required additional supports such as counseling outside of school hours or psychiatric interventions. As PERB noted, the referrals did not take away work that otherwise would have been performed by the school providers and, indeed, all of the in-school counseling work [*3]was undisputedly performed by them. Thus, there is substantial evidence supporting PERB's conclusion that the school providers exclusively performed the bargaining unit work at issue before it was transferred to the County social workers (see Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d 1231, 1234 [3d Dept 2009]).
As for whether the work performed by the County social workers was substantially similar to that done by the school providers, the evidence showed that both groups provided counseling to non-mandated students by receiving referrals, performing intakes, making mental health diagnoses, setting treatment goals, developing treatment plans, implementing those plans in individual and group settings for the students and their families using a variety of treatment modalities and referring students and families to outside agencies as needed. Therefore, substantial evidence supports PERB's finding regarding substantial similarity (see Matter of Lawrence Union Free School Dist. v New York State Pub. Empl. Relations Bd.,200 AD3d at 889), notwithstanding the fact that there was some evidence in the record indicating that the County social workers offered certain limited additional services not delivered by the school providers, some of which occurred outside of school hours.
With respect to petitioner's public policy argument, petitioner did not assert such an argument in its answer. When given the opportunity to move to amend the answer, petitioner was unsuccessful for failure to demonstrate good cause, a finding that petitioner has not disputed. Accordingly, since this public policy claim was never properly presented to the ALJ for consideration, it is unpreserved for appellate review (see Matter of Lane Constr. Corp. v Cahill, 270 AD2d 609, 611 [3d Dept 2000], lv denied 95 NY2d 765 [2000]).
Finally, in light of all of the above, PERB's counterclaim for enforcement of its remedial order is granted (see Civil Service Law § 213 [d]; Matter of County of Rockland v New York State Pub. Empl. Relations Bd., 225 AD3d 944, 948 [3d Dept 2024]). To the extent not explicitly addressed herein, petitioner's remaining contentions have been considered and found to be without merit.
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, petition dismissed, and respondent Public Employment Relations Board is entitled to a judgment of enforcement of its remedial order.

Footnotes

Footnote 1: "Mandated" students are those who must be provided mental health services as part of an individualized education plan (IEP) or an individualized accommodation plan (also known as a 504 plan). These services have always been delivered by the school providers. "Non-mandated" students are those who do not receive mental health services through an IEP or 504 plan.

Footnote 2: In its motion to dismiss the petition and in its answer, PERB argued that its hearings are discretionary in nature rather than required by law and, in such instances, the correct standard of review is not whether the determination is supported by substantial evidence but, rather, whether it is arbitrary and capricious (see e.g. Matter of Lippman v Pub. Empl. Relations Bd., 263 AD2d 891, 894 [3d Dept 1999]). PERB does not pursue this argument in its brief before this Court, and we therefore deem it abandoned (see Matter of Portmore v New York State Comptroller, 152 AD3d 945, 946 n [3d Dept 2017]).